UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK ZUCKERBERG; FACEBOOK,<br><br>    Defendants. | No. 2:22–cv–0394–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AND ORDER<br><br>(ECF Nos. 1, 2) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

///

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

Because the complaint fails to state a claim and its defects cannot be cured through amendment, the court recommends that the action be dismissed, and that plaintiff's application to proceed in forma pauperis be denied as moot.

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a)[2] requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

2

claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

**Analysis**

Plaintiff's complaint should be dismissed because it fails to state a claim for which relief can be granted. See 28 U.S.C. § 1915(e)(2). This is at least the second time plaintiff has sued Facebook and its CEO, Mark Zuckerberg, in this court regarding the alleged deletion of plaintiff's Facebook posts. See Bledsoe v. Facebook, No. 2:18-CV-2756-JAM-EFB-PS, 2020 WL 3642164 (E.D. Cal. July 6, 2020), report and recommendation adopted, 2020 WL 4605124 (E.D. Cal. Aug. 11, 2020). The prior suit, which asserted breach-of-contract and RICO claims based on the supposed hacking of plaintiff's Facebook account by someone in Russia, was dismissed for failure to state a claim and failure to establish the court's subject matter jurisdiction. Id. at *2.

This time, plaintiff is suing Facebook and Zuckerberg for themselves "hack[ing]" plaintiff's Facebook account and regularly deleting the religious photos, videos, and messages plaintiff posts—going back to 2010. (ECF No. 1 at 6-18.) Plaintiff asserts federal question jurisdiction based on the "Civil Rights Act" prohibition of religious discrimination under the First Amendment. (Id. at 3-4.) He also suggests that defendants' alleged conduct amounts to a federal criminal offense of internet stalking. (Id. at 5.) Plaintiff seeks $100 million in damages and an injunction to stop defendants from deleting his religious posts. (Id. at 5, 18.)

///

///

3

As plaintiff was advised in his prior suit, a federal district court is a court of limited jurisdiction. It only has jurisdiction over a civil suit when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship across the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). The court concludes that plaintiff fails to state a federal cause of action, and that the court lacks diversity jurisdiction over any state-law claims.

### *1. Failure to State a Viable Federal Cause of Action*

The court understands plaintiff to be asserting a single cause of action under 42 U.S.C. § 1983 for violation of his First Amendment religious exercise and free speech rights. Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 is the proper vehicle for First Amendment claims like those asserted here; however, plaintiff does not name any defendant who can be sued under this statute.

To state a claim under section 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). While plaintiff asserts a violation of his constitutional First Amendment rights, neither defendant Zuckerberg nor Facebook is a state actor.

Conduct by private individuals or entities is generally not actionable under section 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a private individual generally does not act under color of state law). Conduct by private individuals or entities is only actionable under section 1983 if there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (cleaned up). Plaintiff's allegations against Zuckerberg, a private (if well known) citizen, and Facebook, a for-profit corporation, do not in any way suggest that these actors' alleged deletion of plaintiffs' posts on their platform was conduct by or for a state government. See Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (outlining four potential circumstances in which private action can amount to state

action for purposes of § 1983). Accordingly, plaintiff does not and cannot make out a section 1983 claim against defendants.

The only other federal claim the complaint suggests is that plaintiff wishes to hold defendants liable for supposed federal criminal offenses. (See ECF No. 1 at 5.) However, plaintiff, as a private citizen, has no authority to bring a civil claim under criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

Thus, the complaint fails to state any viable federal cause of action.

### 2. *No Diversity or Supplemental Jurisdiction over any State Law Claims*

The court sees no additional state-law cause of action in the complaint. However, to the extent plaintiff seeks to assert a state-law claim, he cannot do so in federal court because neither diversity nor supplemental jurisdiction exists for this case.

To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987). According to the complaint, plaintiff resides in California, as does defendant Zuckerberg; and plaintiff gives a California address for defendant Facebook, which courts frequently find to be a citizen of California. (ECF No. 1 at 2, 4-6.) See, e.g., Dennis v. Zuckerberg, 2017 WL 3873761, at *1 n.1 (N.D. Ohio Sept. 5, 2017) ("Facebook is a Delaware corporation with its principle place of business in California, and Mr. Zuckerberg is a citizen of California."). Because plaintiff shares a common state of citizenship with defendants, the court would lack diversity jurisdiction over any state-law claim.

Finally, without a valid federal claim, there also can be no supplemental jurisdiction over any state-law claim plaintiff might attempt to assert in this action. See 28 U.S.C. § 1367(a); Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (supplemental jurisdiction requires that a state law claim share a "common nucleus of operative fact" with federal claims).

///

///

**No Leave to Amend**

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because plaintiff would be unable to cure the above-mentioned legal deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile, and recommends that this action be dismissed with prejudice. See Cahill, 80 F.3d at 339; see also Morse v. N. Coast Opportunities, Inc., 1995 WL 779119, at *1–2 (N.D. Cal. Dec. 5, 1995) (discussing Ninth Circuit precedent and holding that claims failing to allege the state action element of § 1983 should be dismissed for failure to state a claim, not lack of subject matter jurisdiction).

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2);
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

///
///
///
///
///

6

# ORDER

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Dated:  April 27, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bled.0394